## FRANK JOHNS v. STATE OF FLORIDA

27 So. (2nd) 75                                         June Term, 1946
July 16, 1946                                                Division A
Rehearing denied July 29, 1946

*Angus Sumner* and *Sumner & Sumner,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen* and Shannon *Linning,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant, having been indicted for the offense of conducting a lottery, filed and presented his motion to quash.

The motion to quash in effect alleges that prior to the date of the indictment the accused, being charged with the crime of murder in the first degree, attended a preliminary hearing held before the County Judge inquiring into the charge of murder in the first degree then pending against the accused; that at such preliminary hearing he voluntarily took the witness stand and testified in his own behalf; that on cross examination he was required, over his objection and protest, to testify as to his connection with the conducting of lotteries. That such connection by him with the conducting of lotteries is the same offense for which he is now being prosecuted under the indictment sought to be quashed, and contended that he was immune from prosecution for the same offense under the provisions of Section 932.29 Fla. Statutes 1941 (same F.S.A.). The motion was denied and the trial resulted in conviction. Defendant appealed and challenges the correctness of the denial of the motion to quash.

On the face of the motion it is apparent that the investigation proceeding or trial at and on which he was required to

testify was not the violation of any of the statutes of this State against bribery, burglary, larceny, gaming or gambling or any of the statutes against the illegal sale of spirituous, vinous or malt liquors.

It is, therefore, clear that the testimony of the accused, having been given on a preliminary hearing or investigation upon a charge of murder in the first degree, did not bring the accused within the purview of the immunity afforded by the statute, supra.

No error being made to appear, the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.