Habeas corpus proceeding by the State of Florida, on the relation of Leah Adler Benemovsky, against Jimmie Sullivan, sheriff of Dade County, Fla., to determine validity of an imprisonment for contempt for refusal to answer questions propounded by the county solicitor with respect to relator's membership in the communist party. From an order remanding relator, relator appeals.
Judgment reversed.
A rule nisi in contempt was issued against appellant for refusal to answer the following questions propounded to her by the County Solicitor of Dade County:
"Q. Are you a member of the Communist Party?
"Q. Do you know any person at Miami Beach who is a member of the Communist Party?
"Q. Did you attend the meeting that was held at the Edwards Hotel, Miami Beach, on February 15, 1948, at 8 o'clock at which meeting Mrs. Flynn and Mr. Nelson spoke?
"Q. Did you send out any invitations to any person to attend this meeting?
"Q. Do you know any member of the Communist party who attended that meeting?"
A motion to discharge the rule nisi on the ground of privilege against self incrimination was denied. Appellant was then adjudicated to be guilty of contempt and was sentenced to serve ninety days in the Dade County Jail. On writ of habeas corpus to the Circuit Court the petitioner was remanded. This appeal is from the order of remand.
The primary point for determination is whether or not one being investigated for criminal communism may refuse to answer the questions detailed in the forepart of this opinion because of the fear of self incrimination.
The petition for the rule nisi shows that the county solicitor was investigating charges of criminal communism as defined by Sections 876.01 to 876.04 inclusive, Florida Statutes 1941, F.S.A., the gist of which condemns advocating, publishing, organizing or becoming a member of an association which teaches the overthrow of Government by force, assassination, sabotage or other forcible resistance of constituted authority or who permits any building, over which he had dominion or control to be used for that purpose.
The statute relied on is limited to criminal communism, criminal anarchy, criminal naziism, criminal facism or any form thereof inimical to or which seeks to overthrow constitutional government by force or violence or by assassinating its officers or by any other unlawful means. The County Solicitor appears to have been casting a drag net to catch the type of communists proscribed by the statute but his queries were directed solely to membership in the "Communist Party."
The right of immunity against self incrimination is preserved by Section 12, Declaration of Rights, Florida Constitution, F.S.A., and by Amend. V, Federal Constitution. Section 918.09, also permits one accused of crime to take the stand in his own behalf. This Court has repeatedly recognized and preserved one's immunity from self incrimination. Ex parte Senior, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133; Stinson v. State, 76 Fla. 421, 80 So. 506; Wallace v. State, 41 Fla. 547, 26 So. 713. These cases not only exempt one from *Page 909 
answering questions that directly incriminate but they extend the rule to questions that in anywise tend to incriminate.
So the real point here is whether or not the answers to the inquiries propounded to appellant tended directly or indirectly to incriminate her, and if so, was she immunized from prosecution by Section 932.29, Florida Statutes 1941, F.S.A., the pertinent part of which is as follows:
No one shall be relieved from testifying with reference to a charge of bribery, burglary, larceny, gaming, or any of the statutes against the sale of intoxicating liquors because the evidence given may tend to convict him of a crime but the person so testifying shall not be subject to prosecution for any matter about which he testified and the evidence secured shall not be used against him in any criminal proceedings.
Inspection of this statute discloses that it immunizes from prosecution only those who give testimony in an investigation of charges for bribery, burglary, larceny, gaming or any of the statutes against the illegal sale of intoxicating liquors. It is true, that in State v. Hancock, 146 Fla. 693, 1 So.2d 609, we extended the effect of this statute to a potential prosecution for embezzlement because Hancock had been called and was required to testify in a burglary prosecution to the same facts that would have been used against him in the prosecution for embezzlement. Criminal communism is not included in the crimes for which prosecution is waived in return for testimony given and we are aware of no theory under which we would be warranted in extending it to a prosecution for criminal communism. Johns v. State,157 Fla. 721, 27 So.2d 75.
There is no language in Section 932.29, Florida Statutes 1941, F.S.A., that would authorize us to extend its terms to other prosecutions than the ones enumerated in the act and we are cited to no other statute that proposes to do so. We are told that no such power existed under the common law and since the legislature has not seen fit to speak on the matter, we are driven to the conclusion that no such statutory immunity exists. Some courts hold that such exemptions from prosecution should not be recognized unless approved by statute. People v. Rockola, 339 Ill. 474,171 N.E. 559, 69 A.L.R. 852; Ex parte Werner,46 R.I. 1, 124 A. 195; Ex parte Muncy, 72 Tex.Cr. 541, 163 S.W. 29 (page 40 for doctrine here approved.)
In Ingram v. Prescott, 111 Fla. 320, 149 So. 369, and Henderson v. State, 135 Fla. 548, 185 So. 625, 120 A.L.R. 742, this Court approved the doctrine that the State may contract with a criminal for his exemption from prosecution if he shall honestly and fairly make a full disclosure of the crime. This is in the nature of what some of the books call equitable immunity for criminal disclosure but we do not understand that an unwilling witness can be forced to come in court and make such a contract for disclosure.
The books make a clear distinction between a Communist party and criminal communist party or one engaged in criminal communism. There has existed in this country for many years a communist party which has a national and state ticket in some states but it has never been considered a criminal communist organization. If this was the type of communism that appellant professed, the answer to the questions could not have incriminated her but if as charged in the rule nisi the purpose was to connect her with criminal communist activities then she had a perfect right to decline to answer.
It follows that the judgment appealed from must be and is hereby reversed.
Reversed.
CHAPMAN, ADAMS, SEBRING, and HOBSON, JJ., concur.
THOMAS, C.J., and BARNS, J., dissent. *Page 910