DREW, Justice.
On the suggestion of Walter G. Arnold this Court issued its rule nisi in prohibition, *52 directed to the trial court, to show cause why it should not be prohibited from proceeding further in the prosecution of relator on a charge of bribery. We now consider the matter on respondent’s motion to quash and return to the rule.
November 30, 1956 William Judge, state attorney for the seventh judicial circuit, filed an information in St. Johns County against Walter Arnold, a member of the Florida Bar, and another, charging that they did, on November 30, 1956 corruptly offer a bribe of $2,500 to William Judge as state attorney to influence his official action in connection with the continuance of certain criminal cases then pending in St. Johns County.
On December 6, 1956, the state attorney filed a motion for disbarment of Arnold under Chapter 454, Florida Statutes 1955, F.S.A., charging him with the same act of bribery which was the basis of the November 30th bribery information. Arnold served his sworn answer to the disbarment motion on December 15, 1956. On December 31, 1956 James McEwen, as state attorney (transferred by order of the Governor to act in place of William Judge as state attorney for the bribery investigation), entered a nolle prosequi to the November 30th information. On the same day, December 31st, McEwen filed an information in Volu-sia County charging the same act of bribery, but changing the date from November 30th to November 29th, and changing the place from St. Johns County to Volusia County. Arnold moved to quash the December 31st information for the same basic reasons urged now in this proceeding but the trial judge denied the motion.
Arnold argues that since the disbarment proceeding was based on a charge of bribery and he was required by Sec. 454.25 Florida Statutes 1955, F.S.A. to answer under oath to such charge, his answer disclosing relevant matter which might tend to incriminate him in a criminal prosecution for bribery provided him immunity from such prosecution under Sec. 932.29, Florida Statutes 1955, F.S.A., reading as follows:
“No person shall be excused from attending and testifying', or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.”
We think this case may be disposed of by a determination of whether the disbarment proceeding based on a bribery charge is an “investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery” within the meaning of F.S. § 932.29, F.S.A. We think it clear that the disbarment proceeding is not within the statutory scheme. An alleged act of bribery is the basis upon which rests the proceeding against Arnold for disbarment; nevertheless the proceeding is for disbarment, not for bribery. In this conclusion we are not making a play on words. The nature of the proceeding in its natural place within the governmental structure of the state is the important factor for purposes of applying the immunity statute. The immunity statute is designed to force revelations from people who would otherwise have available the protection of organic safeguards against self incrimination, — the force being justified in the designated instances by removal of the possibility of resulting prosecutions, penalties or for *53 feitures which the organic safeguards were designed to prevent. See the historical discussion in State ex rel. Mitchell v. Kelly, Fla.1954, 71 So.2d 887. In other words the state must he seeking in a given proceeding a particular type of information and using the power of the sovereign to force the desired revelations. The cases in this Court have narrowly construed Sec. 932.29 in situations analogous to the case at bar where the issue has been the applicability of the immunity statute rather than the scope of the immunity once application is determined. Johns v. State, 1946, 157 Fla. 721, 27 So.2d 75; State ex rel. Benemovsky v. Sullivan, Fla.1948, 37 So.2d 907. In Johns v. State, supra, it was held that a preliminary hearing or investigation upon a charge of murder in the first degree which elicited information from informant about his connection with the conduct of a lottery was not a proceeding under the terms of Sec. 932.29 which would immunize informant from prosecution for the offense of conducting a lottery. It was held in State ex rel. Benemovsky v. Sullivan, supra, that an investigation into •criminal communism was not the type proceeding to bring about an application of the immunity statute, and therefore, the'witness could properly invoke her privilege against self incrimination as a basis for refusing to .answer. Although the latter case is not completely analogous, it points out the course which Arnold should have followed, had he desired to refrain from making particular sworn answers to the disbarment motion. He should have invoked his privilege against self incrimination guaranteed .by Florida Constitution, Declaration of Rights Sec. 12, F.S.A. See, Sheiner v. .State, Fla.1955, 82 So.2d 657.
Arnold argues that Hagerty v. Southern Bell Telephone & Telegraph Co., Inc., 1940, 145 Fla. 51, 199 So. 570, is contrary to the position we adopt, but that case simply held -that a party seeking relief in equity must reveal the material facts upon which his relief depends. The dictum that the information could be elicited under what is now :Sec. 932.29 must be disregarded. Moreover, the passing remark of a trial judge citing the Hagerty case, which is included in Lewis v. Lewis, Fla.1954, 73 So.2d 72, in a quotation designed to reveal other facts, is not to be treated as authority for relator’s contention. In Boynton v. State, Fla. 1954, 75 So.2d 211, also relied on by Arnold, this Court reversed the trial court and thus in effect rejected a position closely analogous to Arnold’s, taken by the State to support the action of the trial court. The state contended that the defendants were required to admit or deny each charge in a complaint to enjoin a nuisance and since every allegation pertained to the gambling activities of defendants, Sec. 932.29 applied. Nothing in the opinion in Boynton v. State, supra, can be interpreted as supporting the contentions made therein by the state.
The rule nisi in prohibition is quashed.
THOMAS, THORNAL and O’CON-NELL, JJ., concur.
TERRELL, C. J., and HOBSON and ROBERTS, JJ., dissent.