ALLEN, Judge.
The relator has filed a suggestion for writ of prohibition against Louis Weissing, Judge of the Criminal Court of Record in and for Broward County, Florida. The suggestion alleged, in effect, that the county solicitor caused a witness subpoena to be served upon the relator in a certain matter wherein the State of Florida was plaintiff and John Doe was defendant; that at the time thereof there was a statute in effect in the State of Florida known as the Uniform Narcotic Drug Law (F.S. 398 et seq., F.S.A.), which required a state licensed physician to comply with certain statutory provisions and made infraction of any of its provisions a felony; that Section 932.-29, (Fla.Stat., F.S.A.,) gave full immunity to a person who is compelled to testify ■concerning violations of certain statutes mentioned therein.
The suggestion further alleged, in effect, that relator appeared before the assistant ■county solicitor and, without being informed as to the nature of the inquiry, answered the questions propounded by the .assistant county solicitor; that he was led to believe that the purpose of his appearance was a routine questioning but was ■thereafter questioned concerning forgery ■of prescriptions and larceny of narcotics; •that thereafter an information was filed ■charging the relator on four counts for violation of the narcotics laws of Florida, which occurred on dates ranging from November 25, 1955 to March 27, 1956; that relator filed a motion to quash the information alleging that he was immune from prosecution because of his having given testimony under compulsion of a “John Doe” witness subpoena, and alleging that the Felony Information filed against him was predicated upon and directly related to, and immediately concerning the matters and things which relator testified under compulsion while under subpoena; that the court denied relator’s motion to quash; that the respondent, Louis Weissing, Judge of the Criminal Court of Record, in and for Broward County, does not have jurisdiction to try the felony charges set forth in the information because of the immunity to which the relator is entitled by operation of law; but that notwithstanding this, the respondent has set the cause down for trial on April 17, 1958.
This court must determine, from the facts set forth in the suggestion for writ of prohibition, whether the respondent had jurisdiction to try the relator or w’ould exceed his jurisdiction in trying the said relator for violations of the Uniform Narcotic Drug Law of the State of Florida. Ch. 398, Fla.Stat., F.S.A.
The theory of the relator’s suggestion for writ of prohibition is that he was subpoenaed to appear before the county solicitor in an investigation of a violation of the statutes of Florida against “bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors” (Florida Statutes, Sec. 932.29, F.S.A.), and that, having so testified in response to said witness subpoena, he was immune from prosecution for any crime which might be based upon such testimony.
The duty devolves upon the relator to allege facts which would show that the investigation involved one of the statutory crimes mentioned in Chapter 398 which, we hold, he failed to do.
In the case of State ex rel. Mitchell v. Kelly, Fla.1954, 71 So.2d 887, 890, cited by *435 the relator in support of his suggestion for writ of prohibition, there appears the following language:
“In Johns v. State, supra [157 Fla. 721, 27 So.2d 75], the defendant was charged with a violation of the lottery laws. He moved to quash the information on grounds he was immune from prosecution under Section 932.29 hy reason of having previously testified concerning the lottery offense with which he was charged. The testimony so relied upon was given on cross-examination by defendant and over his objection at a preliminary hearing inquiring into the charge of first degree murder against him. Following his conviction on the lottery offense, defendant on appeal challenged the correctness of denial of the motion to quash. In affirming the conviction, we noted that the proceeding at which defendant was required to testify was ‘not the violation of any of the statutes of this State against bribery, burglary, larceny, gaming or gambling or any of the statutes against the illegal sale of spirituous, vinous or malt liquors’ (157 Fla. 721, 27 So.2d 76) and therefore the testimony so given ‘did not bring the accused within the purview of the immunity afforded by the statute, supra.’
“In the case of State ex rel. Bene-movsky v. Sullivan, supra [Fla., 37 So.2d 907], the county solicitor was conducting an investigation into criminal Communism. To questions propounded about that subject, the relator invoked her constitutional privilege against self-incrimination but was held in contempt for failure to answer. In the subsequent habeas corpus proceedings, the respondent contended that Section 932.29 was applicable. We held the contempt order invalid and pointed out that there was no language in the terms of the statute that would authorize its application to an investigation of criminal Communism.”
Subsequently the Court in State ex rel. Mitchell v. Kelly, supra, said:
“We therefore hold that where a witness is required to testify in an investigation, proceeding or trial, the subject matter of which involves any of the five categories of crimes specifically enumerated in Section 932.29, Florida Statutes 1951 F.S. A., this statute is applicable. When the witness gives testimony responsive to questions which are relevant to such subject matter, the witness is free forever from being subjected to a penalty, forfeiture or prosecution for any offense substantially connected with the transaction, matter or thing concerning which he testified if any testimony so given in such inquiry constitutes a link in the chain of evidence needed to prosecute such witness thereafter charged for such offense revealed by testimony he was required to give, whether such testimony is used or not.”
The information filed against the relator in counts 1 and 2 charged him with unlawfully prescribing narcotic drugs and obtaining narcotic drugs by fraud on the 25th day of November, 1955, and two similar counts charging the same type of violation on the 27th of March, 1956.
In addition to the claimed immunity under F.S. Section 932.29, F.S.A., the relator also alleged Florida Statutes, Sections 838.-08, 104.39, 542.11 and 635.08, F.S.A, were in full force and effect. No facts were alleged that showed that any of the four sections could aid the relator.
The transcript of record, which was filed with the suggestion for writ of prohibition, contained the information, the relator’s motion to quash, the affidavit of the relator that he had appeared before the assistant county solicitor and was interrogated concerning matters and things set forth in the information, and that the questions and answers were directly connected *436 with and pertinent to the evidence pertaining to the charges set forth in the information.
The assistant county solicitor also filed an affidavit in response to the motion to quash, in which appears the following:
“That I am presently an Assistant County Solicitor of the County of Broward, State of Florida, and that I was such on the 2nd day of August, 1956, and further that I did take the statement of the defendant on that date; that at no time was the defendant required or compelled to give any evidence of any nature, and that he was affirmatively advised, by your affiant that he need make no statement, and that if he did make such statement he would in no way obtain immunity from prosecution for anything disclosed, or touched upon, in such statement as he might make; Thereafter, the defendant did make a statement under oath and obtained therefor a witness fee by virtue of appearing upon the John Doe proceeding then and there pending.”
In the case of State ex rel. Hemmings v. Coleman, 1938, 137 Fla. 80, 187 So. 793, 798, in an opinion by Mr. Justice Chapman on rehearing, it was stated:
“This case is here on writ of error to an order made and entered by the Circuit Court of Dade County, Florida, denying the petition for a writ of ha-beas corpus. The petition for the writ alleged that Arthur E. Hemmings, petitioner, had been informed against by a grand jury of Dade County, Florida, placed upon trial and convicted in the Criminal Court of Record of Dade County of the crime of perjury and sentenced to the state penitentiary for three years; that the facts constituting the crime grew out of testimony given by petitioner before a grand jury of Dade County, Florida, pursuant to a subpoena served upon him and requiring him to appear and testify before it. Petitioner by the State Attorney was warned prior to giving testimony that anything he might testify to would be used in evidence against him. The petitioner was then examined and cross-examined as a witness before the grand jury by several members of the grand jury and the State Attorney as to larceny and embezzlement of property of the Dade County School Board.
* t- * * * *
“ * * * It is true that a person in a criminal case cannot be compelled to be a witness against himself and this rule applies to witnesses summoned before a grand jury. This rule does not apply, however, where the accused testified voluntarily or waives his privilege. It has been held that it is no violation of the constitutional rights of a person accused to compel him by subpoena to appear before a grand jury, to administer an oath to him and allow him to testify to incriminating matters against himself, when he makes no objections to testifying on account of privilege. See 28 C.J. 810, par. 108; 12 R.C.L. 1036-37, par. 21; Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed 652; Consolidated Rendering Co. v. State of Vermont, 207 U.S. 541, 28 S.Ct. 178, 52 L.Ed. 327, 12 Ann.Cas. 658.”
We are of the opinion that the relator fails to show either constitutional or statutory immunity from prosecution under the facts set forth in the record now before this Court. We, therefore, deny the rule nisi.
Rule denied.
KANNER, C. J., and SHANNON, J„ concur.