DREW, Justice.
The question here is whether a circuit judge has the power to appoint a committee of lawyers to conduct an investigation of alleged unethical practices by officers of his court within his jurisdiction[1] and to empower such committee so appointed by him to procure the attendance of witnesses before it by subpoena.
The committee appointed by the circuit judge to conduct the investigation (whose authority to do so is here being questioned) issued a subpoena duces tecum to a member of the Bar of Dade County requiring him to appear before the committee on a designated date and to bring with him certain files including employment contracts, settlement statements and records and all financial transactions relating to certain specified matters described in the subpoena. The attorney to whom the subpoena was directed moved to quash the subpoena and to require the committee appointed by the circuit judge to show cause why the order appointing said committee should not be vacated, set aside and held for naught and the subpoena so served upon the attorney should not be quashed. After hearing the motion and considering the same, the circuit judge entered an order denying the motion to quash and the other, relief prayed for therein. In said order he observed that " * * * [t]he court is of the opinion that it has the inherent power to conduct a general investigation of unethical conduct of attorneys and can by order delegate such investigation to others. * * * ” On the same day the order denying the motion to quash was entered, the attorney filed his notice of appeal to this Court and immediately thereafter filed in this Court a certified copy of such notice and a motion to stay further proceedings before the circuit judge pending the disposition of the matter in this Court. Upon consideration of the matter here, this Court determined to treat the petition and the notice of appeal as a petition for review and stayed further proceedings pending a determination of the cause on the merits.
The questioned order is obviously not one subject to review by appeal in the technical sense. The circuit court and the committee appointed by it are arms of this Court exercising jurisdiction in a field exclusively ours. Under the present Constitution and rules we hold that their acts may be reviewed at any time on informal motions such as was filed in this case and that this Court may stay further action whenever, in our judgment, it should De done.
The Constitution[2] provides that this Court shall have exclusive jurisdiction over the discipline of persons admitted to the Bar of this State and that it may provide *3 for the handling of disciplinary matters in circuit courts and the district courts of appeal or by commissions consisting of members of the Bar to be designated by it, subject to its supervision and review. Prior to the effective date of the present Article V, which vested in this Court the power above delineated, certain officers of the Florida Bar were authorized to conduct and carry on disciplinary proceedings under the applicable provisions of the integration rule[3] and the circuit judges of this State were vested with the same power under certain ancient applicable state statutes and their inherent powers. The integration rule, prior to the effective date of Article V, contained a provision that nothing in said rule should be construed as limiting or altering the power of the circuit court to discipline attorneys as that power existed at the time of the adoption of said rule.[4] The rule did require any judgment of, disbarment or suspension entered by any circuit court to be filed in the Supreme Court of the State of Florida and one copy to be furnished to the Executive Director of the Florida Bar for filing in its records.[5] Following the effective date of present Article V, the integration rule relating to disciplinary proceedings was amended for the purpose of delegating to the district courts as well as the circuit courts authority in connection with disciplinary matters which were brought to their attention.[6] This was accomplished by amending paragraph 6 of Article XI of the rule to read substantially the same as Section 454.24, Florida Statutes, F.S.A., the only change being to expand the scope of the rule to include the district courts of appeal as well as the circuit courts and to make minor changes in the rule to conform to and be in harmony with other provisions of said rule and the pertinent portions of the recently amended Article V.
The history which we have related clearly demonstrates the purpose of this Court to preserve intact the jurisdiction of the circuit courts in disciplinary proceedings and to make the jurisdiction and powers of the circuit court and the designated officers of the Florida Bar concurrent in these proceedings. The rule provides that the first to taire jurisdiction shall retain the same to the exclusion of the other until the final determination of the cause. The obvious purpose and intent of the rules of this Court adopted subsequent to the effective date of Article V was to continue the same power in the circuit courts over this subject that these courts had always exercised and that we had held was inherent in them. And so it is that at the time these proceedings were commenced before the circuit court and its committee appointed to conduct the investigation, the circuit court was vested with substantially the same power it had historically exercised in matters of this kind.[7]
We now direct our attention to the question of whether the power of the *4 circuit courts to disbar and discipline attorneys carries with it the power to conduct investigations or cause such to be conducted by its duly appointed officers. In 1936 this Court authorized circuit judges to appoint commissioners to investigate complaints of alleged misconduct of attorneys and held that the action of circuit courts in disciplinary proceedings were judicial in character and necessarily contemplated that an inquiry be made at any time by the court in the nature of an investigation and that an order for such investigation is but the exercise of an inherent disciplinary jurisdiction which the court has over its officers.[8] Nothing that has happened since then, either by constitutional amendment, decisions or rules of this court,[9] in any way alters the validity of that pronouncement. It is clearly applicable at the present time and in the present case. Moreover, it is significant that the integration rule provides for investigations of the nature now being conducted by the circuit court and by the Board of Governors of the Florida Bar. The rule provides, in express terms, that the Board of Governors or its duly appointed committees, “shall have power to investigate or cause to be investigated all misconduct by members of the Florida Bar, active or retired, that may be brought to the attention of the Board or such committees for the purpose of determining whether there is probable cause to believe that a member or members have been guilty of misconduct justifying disciplinary action. Such investigating body may initiate investigations at any time and place deemed by it advisable, and it shall have power to summons witnesses, to administer oaths, and to order the production of books, records, or other documentary evidence.” Provision is made in the rule for enforcing compliance with proper orders and directions of the Board of Governors by circuit judges. There is no reasonable basis to contend that the circuit courts of this State, whose power in these matters has been so carefully and meticulously preserved in our rule, would not now have the power that we said they had in 1936 and which, by specific rule in this Court, has been extended to officers of the Florida Bar.
Moreover, traditional concepts of due process and fair play, so important in our scheme of government, clearly comprehend a full and complete investigation before charges are preferred against an officer of the court. The petitioner here does not question the authority of a circuit judge to require the state’s attorney to file a motion to disbar but by some strange process of reasoning seems to conclude that such circuit judge does not have the power to appoint its officers to conduct an investigation and determine in advance whether probable cause exists to warrant the exercise' of his power to instruct the state’s attorney to make such a serious accusation. This process of investigation before charges are made assures a far greater degree of protection to the members of the Bar and undoubtedly will tend to prevent the accusation of innocent individuals. In the profession of the law, a good reputation is the practitioner’s most valuable asset. It is unfortunate, but nevertheless true, that public accusation of dishonest or unethical conduct, whether valid or not, leaves an everlasting scar. Whatever may be reasonably done to prevent such damage and unwarranted publicity, should be done. We think the procedure adopted in this case is a step in that direction.
The circuit judge did not vest in the committee appointed unlimited or unbridled power to conduct unlimited investigations or, as has been suggested, “witch hunts.” The petition of the Bar concerns itself with “the unethical solicitation of personal injury litigation.” It brings to the court’s at *5 tention newspaper articles concerning attorneys and doctors and other offending parties involved in this specific course of alleged misconduct and it prays for the appointment of a committee to investigate complaints of professional misconduct of attorneys at the Bar of the Circuit Court of Dade County “in connection with the solicitation of personal injury suits.” The order on the petition recites the suggestion contained therein for the appointment of a commission to conduct investigations into unethical or improper professional conduct alleged to exist in connection with “the solicitation, filing and prosecution of personal injury damage suits in this circuit.” The whole scope of both the petition and order is with relation to the particular subject of professional misconduct in connection with personal injury damage suits and, while it is provided in the order appointing the committee that it may “inquire into and investigate charges of alleged professional misconduct on the part of attorneys”, we hold that such language must be considered in connection with the subject matter being dealt with and that the power of the committee is to investigate such specific misconduct. In other words, we do not construe the order as an inquisitorial seine to be dragged across the face of the professional community in the expectation that perchance some legalistic predatory specie will be ensnared but as limiting the scope of the committee’s activities to the subject matter detailed in the order and in this opinion, namely, the investigation of alleged professional misconduct on the part of attorneys with reference to the solicitation, filing and prosecution of personal injury damage suits in the Eleventh Judicial Circuit. Moreover, the order provides that “in the event that the commission shall determine that any complaint before it for investigation is well founded, it shall forthwith submit its report, together with a transcript of the testimony taken and evidence adduced, to the Judge or Judges of the Circuit Court, with its recommendations for such further action as may be deemed advisable by the commission” and further provides “[t]he acts of the commission are at the direction of, and under the control of this court and are therefore privileged, and any person, firm or corporation who has been duly subpoenaed by this commission and has furnished to such commission any oral or written evidence in furtherance of its investigation is hereby accorded the same privilege.”
It goes without saying, of course, that the power vested in the circuit courts in these matters as well as the powers delegated to the commission by it may be abused but this possibility exists wherever and whenever it is necessary to delegate the exercise of power. The possibility of abuse, however, should never prevent the delegation of power where necessary to promote the general welfare, and history has proven (especially the history of this State) that abuses of such power are indeed the rare exception. Moreover, from the standpoint of those being investigated, a forum is readily available for the airing of any justifiable complaint against the committee or its members for any abuse or excessive exercise of the powers it has. Any arbitrary or illegal action taken by the committee is subject to review by the circuit judge and acts of both may be reviewed in appropriate circumstances by this Court.
We feel it appropriate to take note of an allegation in the petition to quash and for other relief to which we have heretofore alluded to the effect that:
“Among those subpoenaed and contacted by the Committee were clients of your petitioner who now have cases pending before the Circuit Court in and for Dade County, Florida. They were questioned by members of the Committee, some of whom are attorneys for the defendant in the particular case and are therefore interested in the outcome of these cases, much to the detriment and right of these people as free citizens and as litigants in this Court.
*6 “Your petitioner’s clients were instructed and admonished by members of the Committee not to talk to your petitioner, who was and is their attorney in matters now pending before this Court.”
These allegations are, of course, extremely general in their nature and may not fulfill essential requirements of good pleading but they do point up a situation which should be subject to close scrutiny by the circuit judge under whose jurisdiction these investigations are conducted. If, in fact, a case is being investigated by the committee in which members of the committee are interested, such members should excuse themselves from participating in such matter and it should not be necessary for the party being investigated or any other person to suggest such course of action to the members of the committee. These investigations should be conducted on a high plane and with due regard to the rights of those being investigated as well as the public interest.
The investigation of this committee should be conducted in the traditional manner of grand jury investigations. The integration rule specifically provides that investigations conducted by the Board of Governors or its duly appointed committees, including grievance committees, shall be secret until the filing of formal charges.[10] We construe the subject order of the circuit judge to require the same degree of secrecy and confidential nature on the part of its committee and as so construed, we approve it. There are no adversary parties at this stage of the proceedings and there are, therefore, no formal charges. The mere fact, however, that a member of the Bar is being investigated, as we have pointed out, can result in immeasurable harm unless the secrecy of the proceedings is preserved.
In the further functioning of this committee and pursuant to our constitutional powers in the premises, it shall observe the following requirements:
1. Any witness should be informed in the beginning as to whether he himself is under investigation and, if so, the nature of the alleged breaches of discipline of which he might be suspected for the purpose of enabling the witness to determine for himself the pertinency of the questions as well as any constitutional right to decline to answer.[11]
2. Subpoenas to compel the production of documents or other evidence should be limited to those germane to the purpose of the investigation as defined in the petition and in the order appointing the committee.
3. Any member of the committee appointed who represents clients involved in any matter under investigation should promptly disqualify himself from further participation in the investigation.
In so far as the subpoena under attack here is concerned, we think its requirement for the petitioner to produce “check books, including check stubs, cancelled checks and bank statements of your business and trustee bank accounts for the period January 1st, 1957 to January 31, 1959, including supporting vouchers or explanatory documentation for cash transactions” is much too broad and should be eliminated by the circuit judge upon due application therefor. Or, upon further consideration by the circuit judge, he may desire to quash said subpoena and enter an appropriate order with reference to the power of the committee to issue subpoenas in accordance with the views expressed herein.
The desire of the Dade County Bar Association and the circuit judge to rid the *7 community of any member of the Bar who may be proven to be unfaithful to his trust is highly commendable but, in this process, the individual rights of the members of the Bar and the public generally should never be overlooked nor shunted aside in the interest of expediency.
The order staying these proceedings is hereby vacated. The petition for review is denied except as to the subpoena duces tecum and then to the extent herein provided. Jurisdiction of this cause is returned to the circuit court for further proceedings in accordance with the views herein expressed.
TERRELL, THORNAL and O’CON-NELL, JJ., concur.
THOMAS, C. J., and HOBSON and ROBERTS, JJ., dissent.

. State ex rel. Arnold v. Revels, Fla.1959.

. Section 23, Article V, Florida Constitution, F.S.A.

. Article XI, Integration Buie. See pages 706 through 712 of Vol. 31 and pages 139 and 140, 1958 Cumulative Supplement, Vol. 31, Florida Statutes Annotated.

. Art. XI, par. 6, Integration Buie. See note 3, supra.

. This provision was a necessary requirement after the integration of the Bar of this State. Article VIII, Sec. 4 provides for current lists of all members of the Florida Bar in good standing to be kept by the Clerk of the Supreme Court and the Florida Bar, and for furnishing correct copies thereof to county judges and the clerks of all courts of record of this State.

. In re McCarey, Fla.App., 105 So.2d 813, discusses this amendment and the reasons for its adoption.

. “ * * * with the divesting of the circuit courts and the Legislature of jurisdiction in this field, and the vesting thereof exclusively in this court, this court gave back to the circuit courts the statutory power of discipline which the people, by their mandate in adopting the revised Article V, had taken away.” Roberts, J., speaking for the Court in State ex rel. Arnold v. Revels, Fla.1959, 109 So.2d 1, 3.

. Petition of Jacksonville Bar Ass’n, 1936, 126 Fla. 176, 169 So. 674.

. The order of July 21, 1930 (page XLV, Fla. Cases 42-47 So.2d) rescinding the order adopted in 169 So. 674 (footnote 8, supra) liad the effect only of recognizing that the integration rule provision for grievance committees superseded the former order.

. Article XI, subd. 5(b) Integration Rule of the Florida Bar, Volume 3, Florida Statutes 1957, p. 3208, F.S.A.

. State ex rel. Florida Bar v. Grant, Fla., 85 So.2d 232; In re Integration Rule of the Florida Bar, Fla., 103 So.2d 873; Sheiner v. State, 82 So.2d 657, 667; State v. Sheiner, Fla., 112 So.2d 571; State ex rel. Arnold v. Revels, Fla., 100 So.2d 51. Cf. Gibson v. Florida Legislative Investigation Committee, Fla., 108 So.2d 729.