170 So.2d 834 (1964)
THE FLORIDA BAR, Complainant,
v.
Max Frank MASSFELLER, Respondent.
No. 33380.
Supreme Court of Florida.
July 15, 1964.
Rehearing Denied September 14, 1964.
*835 Thorwald J. Husfeld, DeLand, for The Florida Bar, complainant.
Judge & Stern, Daytona Beach, for respondent.
PER CURIAM.
This cause is before the Court on the petition of Max Frank Massfeller, respondent, to review the judgment of the Board of Governors of The Florida Bar that he be disbarred from the practice of law in Florida, and that he pay the costs of the proceedings in the amount of $193.92.
Pursuant to Art. XI of the Integration Rule of the Florida Bar, as amended, 31 F.S.A., the Florida Bar filed complaint against respondent, a member of the Bar and subject to the jurisdiction and disciplinary rules of this court, charging that he did misappropriate and convert to his own use certain funds totaling $10,145.28 belonging to a client of his, and which he had received for her account as guardian of an incompetent and which at the time he held in trust for her. Respondent filed answer to the complaint admitting his guilt as charged but plead in bar that he was immunized from disbarment by virtue of the fact that he had fully confessed under oath the truth of the charge to a circuit judge of his county and circuit before whom he had appeared in response to a rule to show cause. His plea in bar is based upon a claim of immunity under F.S. Sec. 932.29, F.S.A. The matter was heard before a referee who struck the plea in bar upon complainant's motion. Upon trial of the remaining issues raised by the complaint, the referee found that respondent had unlawfully converted to his own use the money received by him for his client's account, that he failed to make more than token restitution, that he did not represent her interests with undivided fidelity, that he did not honestly and truly account to her for said funds nor pay same over to her upon demand, that he had committed acts which constituted embezzlement involving moral turpitude, all in violation of the Integration Rule of the Florida Bar, the Additional Rules and the Canons of Professional Ethics, all governing the conduct of attorneys at law in Florida. He thereupon recommended to the Board of Governors of the Florida Bar and this court that respondent be suspended for one year from the practice of law in Florida, and thereafter until he gave proof that he had made full restitution of all monies of his client which he had converted, and that he pay costs. The Board of Governors reviewed the referee's findings and recommendation and concurred in the findings but not the recommendation. Instead the Board entered its judgment of disbarment against respondent and ordered him to pay costs of the proceedings.
Included in the findings of fact of the referee is that at the time of the hearing respondent was 37 years of age, a graduate of an accredited law school of this state, *836 that he was admitted to the Bar in 1951, and had practiced in Florida since that time. Also he was at the time serving his second four-year elective term as Juvenile Judge of Volusia County. He had previously served a two-year term as Municipal Judge of the City of Daytona. He had never been convicted of crime.
Respondent bases his plea in bar to this disbarment proceeding upon the fact that he admitted his guilt of the wrongdoing which is the basis for this proceeding, when called before the Circuit Judge on a rule to show cause. The record herein discloses that it came to the attention of the Judge that the matter of respondent's conduct concerning his theft of his client's money had been investigated by the State Attorney and that the latter had filed a transcript of the testimony taken before him with the Circuit Judge. Based upon the disclosures revealed by this transcript, the Judge ordered respondent to appear before him at a time certain to show cause why the Judge should not direct the State Attorney to move to disbar respondent, or why the transcript should not be referred to the Circuit Grievance Committee for investigation and action, or why the Judge should not "take such other proceedings as the circumstances require." In response to this rule the respondent appeared before the Circuit Judge in the latter's chambers. At the beginning of the hearing, the Judge announced to those present, which included the respondent, the State Attorney, the client whose money had been wrongfully converted, the then attorney for the client and two fellow members of the Bar, friends of respondent, that the hearing was a confidential proceeding "in re: an investigation concerning Max Frank Massfeller, member of the Florida Bar located in Daytona Beach, Volusia County, Florida." Then upon inquiry by the Circuit Judge as to whether he had received the rule, respondent answered that he had, that he was there in response to the process of the Court and that "I am prepared to be sworn at this time." He was then sworn by the Judge who stated to him "we shall be glad to hear anything that is relevant to the matter under investigation as reflected by the transcript heretofore forwarded to the Court by the County Judge of Volusia County, Florida." Immediately thereupon respondent confessed his guilt and stated that he had not made full restitution of the money which he had converted to his own use. He stated that he had given his client a promissory note to cover the amount which he had misappropriated after she had accused him of taking it. He stated that he had later made some small payments on account of the note. At no time did he contend that the promissory note was given as evidence of a loan by the client to him. He admitted to the Court that he was "completely obligated morally to do what he could to make right the wrong for which he was certainly partially, if not completely, responsible." He stated that his fellow attorneys were there present to assure the Court of their willingness to assist him financially to right the wrong which he acknowledged he had committed against his former client. After hearing from respondent's brother attorneys concerning their willingness to assist him financially in righting the wrong, the Court announced to the respondent that he had two alternatives under the law, namely, he could refer the matter to the State Attorney to institute disbarment proceedings under F.S. Sec. 454.24, F.S.A., or as a second alternative, refer the matter to the Grievance Committee for the Seventh Judicial Circuit. At no stage of the proceedings was it ever suggested by anyone that the Circuit Judge was doing other than investigating the alleged misconduct of an attorney of the Bar practicing in his circuit. The record is silent as to what order was entered by the Circuit Judge. The next step in the proceedings as reflected by the record is the filing of the complaint by the Florida Bar.
Respondent bases his claim of immunity on F.S. Sec. 932.29, F.S.A., which is as follows:
"Same; person not excused from testifying in certain prosecutions on ground *837 testimony might incriminate him; immunity from prosecution. No person shall be excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding."
He contends that by confessing his guilt of larceny before the Circuit Judge he has immunized himself from disbarment because it was within the power of the Circuit Judge, acting in his capacity as committing magistrate, to commit the respondent for prosecution for larceny, and that the last paragraph of the rule to show cause indicated that the proceedings before the Circuit Judge were more than an inquiry to determine whether respondent should be disciplined as a member of the Bar. This paragraph of the rule to show cause relied upon by the respondent to give character to the hearing before the Circuit Judge as one involving a criminal investigation is the third paragraph of the rule, and is in the following language:
"3. Take such other proceedings as the circumstances require."
This paragraph of the rule follows immediately upon two paragraphs which direct the respondent to show cause why the Circuit Judge should not cause disciplinary proceedings to be instituted against respondent, either by motion of the State Attorney, or in the alternative, at the instigation of the Circuit Grievance Committee.
All three directing paragraphs of the rule must be read in conjunction with each other, and in the light of the recital contained in the rule as to the purpose of the inquiry to be conducted, which was, "concerning your representation as an attorney at law of the estate of Charles Irving Drew." When so considered, it is evident that the proceeding before the Circuit Judge was not an "investigation, proceeding, or trial, for a violation of any of the statutes of this state against * * * larceny * * *" but, rather was an investigation into the alleged misconduct of respondent as a member of the Florida Bar. To hold that this language of the rule  "take such other proceedings as the circumstances require"  extended the scope of the hearing into a criminal investigation, or would cause an attorney at law, trained in criminal procedure, to have reason to believe that such an inquiry was for the purpose of determining whether criminal prosecution should be instituted against him, would place a strained construction upon the language, recitals and directives of the rule, and tax the credulity of reasonable men.
The character of the hearing as being one for the investigation of crime, or otherwise, within the terms and proscriptions of Sec. 932.29 is determined by the purpose and scope of the inquiry, not by the power of the official conducting it to institute criminal proceedings. Therefore, the mere fact that the Circuit Judge had the constitutional and statutory power as a committing magistrate to commit respondent for larceny, does not change an inquiry concerning respondent's conduct as an attorney authorized to practice law before the Judge into a larceny investigation or proceeding, particularly, where all the facts show that the Judge's concern was for the purity of the Bar as it might be affected by *838 the professional conduct of respondent in his relationship of attorney and client with the person from whom he stole the money.
The hearing before the Circuit Judge not being a criminal "investigation, proceeding or trial, for a violation of any of the statutes of this state against * * * larceny," within the purview of Sec. 932.29, respondent was not obligated to testify at the hearing if he was afraid that his testimony might subject him to criminal prosecution. He could have invoked his privilege against self incrimination guaranteed him by Sec. 12 of the Declaration of Rights of the Florida Constitution, F.S.A. See State ex rel. Arnold v. Revels, Fla., 100 So.2d 51. Having voluntarily testified and confessed his guilt of violation of trust he will not now be permitted to hide behind such a tenuous cloak of immunity which he claims is afforded him by the statute, but which we hold is not accorded him in a disbarment proceeding.
We hold that it was not the intent of the legislative act granting immunity from "prosecution, penalty or forfeiture" to immunize members of the Bar from disciplinary proceedings or punishment instituted or imposed by or under authority of rules of this Court, for a contrary opinion would recognize the power and purpose of the Legislature to abridge or curtail the constitutional power of this court as part of a coordinate and equal branch of the government of this state. The Constitution of this state vests exclusive jurisdiction over the admission and discipline of attorneys at law in this Court and authorizes it to exercise such jurisdiction through delegation of authority to the circuit courts and district courts of appeal, or by commissioners of members of the Bar, subject to this court's supervision and review. Art. V, Sec. 23, Const. of Fla., F.S.A. This court has through its Integration Rule of Florida Bar, Art. 11, delegated concurrent authority to the circuit courts and the Board of Governors of the Florida Bar to conduct investigations of the character undertaken by the Circuit Judge and Board of Governors in this proceeding. This constitutional power and rule promulgated by this court are but a recognition of the inherent power of the judiciary to discipline members of the Bar. See Petition of Dade County Bar Ass'n, etc., Sp. Committee, Fla., 116 So.2d 1. The power of courts to discipline attorneys at law is as ancient as the common law itself. As early as the 13th century there were organized in England the Inns of Court which were voluntary non-corporate and self-governing legal societies. Then, the Benchers, who were senior members of the Inns, were entrusted with power to discipline and even disbar a barrister guilty of misconduct. The Courts, as successors to the "Benchers," have from time immemorial, both in England and in this country, exercised as authority inherent in them, and without question, the right and power to discipline members of the Bar practicing before them. The constitutional power contained in Art. V, Sec. 23 of the Florida Constitution is but a recognition of this already existing authority of the Florida Courts. The independence of the Courts of the other two coordinate and equal branches of our state government does not permit of any interference by either of said branches in the exercise by the Courts of this state of their inherent and constitutional power to discipline members of the Bar. Any statute enacted by the Legislature which attempted to do so would of necessity be stricken down as unconstitutional. See State ex rel. Arnold v. Revels, supra, wherein we held that a disbarment proceeding is not within the statutory scheme of immunization provided in Sec. 932.29. Therefore, for the reasons aforesaid, we hold that Sec. 932.29 has no applicability to disciplinary proceedings of members of the Florida Bar and that respondent cannot cloak himself with immunity from such a proceeding by virtue of the provisions of such statute. In so holding, we find ourselves in accord with the decisions of the highest courts of appeal *839 of other states, for it is uniformly held that immunity statutes of the character of Sec. 932.29 do not extend to disciplinary proceedings by courts of members of the Bar. See In re Biggers, 24 Okla. 842, 104 P. 1083, 25 L.R.A.,N.S., 622; In re Tuttle, 371 Ill. 153, 20 N.E.2d 98; In re Rouss, 221 N.Y. 81, 116 N.E. 782.
In the case from New York, In re Rouss, supra, the Court of Appeals of that state was construing the effect of an immunity statute in words almost identical with the Florida statute. There the Court, speaking through Mr. Justice Cardozo, stated that disbarment was not a penalty or forfeiture against which the statute immunized a member of the Bar. The reasoning of Mr. Justice Cardozo is cogent and apropos to the relationship of respondent to the Bar and Bench of this state. He said,
"Membership in the bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission; but it is equally essential afterwards. Selling v. Radford, 243 U.S. 46, 37 Sup.Ct. 377, 61 L.Ed. 585; Matter of Durant, 80 Conn. 140, 147, 67 Atl. 497, 10 Ann.Cas. 539. Whenever the condition is broken the privilege is lost. To refuse admission to an unworthy applicant is not to punish him for past offenses. The examination into character, like the examination into learning, is merely a test of fitness. To strike the unworthy lawyer from the roll is not to add to the pains and penalties of crime. The examination into character is renewed; and the test of fitness is no longer satisfied. For these reasons courts have repeatedly said that disbarment is not punishment. Ex parte Wall, 107 U.S. 265, 2 Sup.Ct. 569, 27 L.Ed. 552; Matter of Randall, 11 Allen (Mass.) 473, 480; Matter of Randel, 158 N.Y. 216, 52 N.E. 1106; Boston Bar Ass'n v. Casey, 211 Mass. 187, 192, 97 N.E. 751, 39 L.R.A.(N.S.) 116, Ann.Cas. 1913A, 1226; Matter of Durant, supra."
and,
"We will not declare, unless driven to it by sheer necessity, that a confessed criminal has been intrenched by the very confession of his guilt beyond the power or removal."
Thus, it is with this court. We will not permit a member of the honored profession of attorney at law to confess his guilt of stealing from his client and thereby immunize himself beyond the power of Bar and Bench to discipline him, by invoking the provisions of Sec. 932.29. To do so, would open the door wide for escape from the justly deserved consequences of their wrongdoing of those members of the Bar who by such conduct not only have lost the respect and confidence of their brothers, but have done irreparable harm to the profession as a whole. Respondent admits his guilt, shows no sign of repentance, and when called to answer for his breach of trust, thumbs his nose at his accusers and smugly hides behind a supposed cloak of immunity. We declare no such cloak has ever clothed him from the disciplinary powers of this court, acting through its duly authorized agencies, and that he is subject to suffer the consequences of such breach of trust.
We have not overlooked Florida State Board of Architecture v. Seymour, Fla., 62 So.2d 1, relied upon by respondent, wherein we held that a proceeding to revoke an architect's certificate was a prosecution to effect a penalty or forfeiture as contemplated by Sec. 932.29, and that the architect was immunized by operation of that statute when he confessed before the State's Attorney and Grand Jury his participation in a bribery scheme, and that as a consequence thereof he was immune from revocation of his certificate by the Florida State Board of Architecture. We hold that our decision in that case is not authority for respondent's claim of immunity from disbarment proceeding in this case, in that the immunity statute relied upon by him is not applicable *840 to such proceeding for the reasons stated in this opinion. A close study of that case does not justify an inference from the language therein used that the statute is applicable to disbarment proceedings.
We hold that respondent's plea in bar is not well taken and that the referee and Board of Governors did not err in striking it. The record and judgment of the Board of Governors of the Florida Bar have been examined by this court, oral argument heard, and upon consideration of the record and evidence submitted, we find respondent guilty of the violations as set forth by the referee and Board of Governors. Further, we find no mitigating circumstances which would justify a judgment of this court less than permanent disbarment as ordered by the Board of Governors.
At no time has respondent evidenced remorse or repentance for his misconduct. True, he recognized that he breached the trust that his client had reposed in him, but he has done nothing to rectify his wrong except to pay to her such sums the total of which barely equal lawful interest on the principal amount embezzled by him. Instead, he arrogantly takes the position that he is immune from discipline by virtue of the very fact that he has confessed his wrongdoing. This crutch upon which he has so smugly leaned has now turned out to be a broken reed. The purity and good reputation of the Florida Bar demands that one so callous, unrepentant and insensitive to his oath and obligations as a member of such a time-honored profession as that of the law should not be permitted further to associate in the practice of that profession with honorable, respectable and decent members who are conscious of such obligations and who strive to fulfill them.
Accordingly, the judgment of the Board of Governors of the Florida Bar is affirmed, and the respondent Max Frank Massfeller, is disbarred from the practice of law, both directly and indirectly, in this state, and he is directed and ordered to pay the costs of these proceedings below in the amount of $193.92 plus $25.00 filing fee of this Court, or a total of $218.92, for all of which let execution issue.
It is so ordered.
DREW, C.J., THOMAS, THORNAL and HOBSON (Ret.), JJ., and MASON, Circuit Judge, concur.