PEARSON, Judge
(dissenting).
My dissent is based upon my view that the appellee’s constitutional rights were not involved in the disciplinary proceedings before the Civil Service Board. I would hold that a person has no constitutional right to employment as a policeman. Cf. Jones v. Board of Control, Fla.1961, 131 So.2d 713; City of Miami v. Kellum, Fla.App.1962, 147 So.2d 147.
The immunity statute, § 932.29, Fla.Stat., F.S.A., does not by its express terms include the right to continuance of public employment. It does provide that “ * * no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify * The purport of the majority opinion is that the disciplinary proceedings constitute a “penalty or forfeiture.” I would not so hold, and I would therefore reverse. Cf. State ex rel. Arnold v. Revels, Fla. 1957, 100 So.2d 51; The Florida Bar v. Massfeller, Fla.1964, 170 So.2d 834.