PER CURIAM.
On January 31, 1968, the state attorney of Dade County, Florida, filed an information against the appellee Salvatore Charles Grech, charging him, together with Jack Roland Murphy, Robert Lawrence Greenwood and Paul Nicholas Gagnon, in three counts, with breaking and entering a dwell *97 ing house with intent to commit robbery and assaulting persons within, robbery and assault with intent to commit murder in the first degree with a firearm. Those offenses were alleged to have occurred on January 28, 1968, in Dade County.
On June 13, 1968, prior to trial on the above information, Grech appeared, pursuant to summons, before a grand jury in Broward County. He was interrogated with reference to an investigation by the grand jury of the murder of two women in Broward County. Grech was asked whether he knew Jack Murphy, Terry Terrell and Barry Shaefer, and whether he had met with those persons on a certain date, December 9, 1967. He declined to answer those questions on the ground of self-incrimination. Thereupon the_ state attorney said:
“Mr. Grech, I have been instructed to tell you that the States Attorney of Broward County of the 17th Judicial Circuit in and for the State of Florida in which I have the authority to grant you at this time and I do grant you immunity from prosecution for the death of Anne Mohn and Terry Frank, the death of them for which Jack Murphy and Jack Griffith have been indicted. Now, on the basis of that immunity being granted, do you know Barry Shaefer?”
The state attorney then advised Grech that having been granted such immunity he could be held in contempt for refusal to testify. Grech expressed a desire to talk to his attorney, as to whether or not he should answer the questions. The prosecutor then stated: “You are not entitled to advice of your attorney once you enter the confines of this Grand Jury Room.' Let’s stop playing games.” Grech answered: “I am not playing games, Mr. State’s Attorney. My attorney told me that if anything came up that I didn’t know anything about I would be allowed to talk to him.” The prosecutor replied: “Your attorney gave you bum advice. This is the Grand Jury of Broward County, Florida. You can’t run back and forth between that Jury [sic] Box and your attorney to find out what you can say and what you can’t say. * * * You have been watching too many congressional hearings. You are protected by the oath of secrecy that these Grand Jurors have taken. You are protected by immunity. * * * It is pure and simple. You cannot run back and forth to see your attorney. You are now before the Broward County Grand Jury. You have been given immunity in this area.’’ [Italics supplied.]
Thereupon, in answer to questions, Grech testified that he did know Barry Shaefer, Jack Griffith, and Jack Murphy on December 9, 1967, and that he knew that Jack Griffith and Jack Murphy were in custody under an indictment for murder of Anne Mohn and Terry Frank. He was questioned further, but the transcript of the proceedings before the Broward grand jury discloses that his interrogation did not inquire into or have reference to the offenses for which Grech with others currently was under prosecution in Dade County. In the course of his questioning before the grand jury Grech asked: “Didn’t you tell me that no matter what I said I can’t get in trouble. Isn’t that what immunity is ?” The state attorney’s reply was: “Only if you don’t lie. Immunity to anything except from perjury.” In subsequent proceedings in the Dade County prosecution the court gave importance to that statement as constituting a promise by the Bro-ward state attorney of immunity to Grech, not only with reference to the murders which were under investigation there, but as to any and all matters. Near the end of the grand jury proceedings in Broward County in which Grech was involved, the state attorney said: “Ladies' and gentlemen, you can ask this gentleman any questions you care to. I warn you not to ask any questions other than the murder of the two girls. Stay specifically away from any bonds or securities. He has not been granted any immunity except as to the immunity of the two girls [the alleged mur *98 der victims]. I don’t want him to acquire any immunity as to anything else.” However, later the state attorney cautioned Grech that “they” had answers from other witnesses on matters on which Grech had testified or as to which he had given evasive answers, and that he might be subjecting himself to perjury, stating: “As I told you before, we granted you immunity from everything except perjury,” and the state attorney then asked Grech if he cared to change any of the answers which he had given.
On the basis of those proceedings before the Broward County grand jury, the criminal court of record of Dade County granted a motion of Grech for his dismissal, on the ground that he had gained immunity from prosecution for the offenses with which he was charged under the Dade County information above described. An order was entered thereon discharging Grech, from which order the state has taken this appeal. We find error, and reverse.
Testimony by Grech before a grand jury on investigation of a murder or murders in Broward County could not result in statutory immunity from prosecution for another crime. Section 932.29 Fla.Stat., F.S. A. provides that a person shall not be excused from testifying “upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors” on the ground of self-incrimination, “but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.”
Referring to that statute, in State v. Kelly, Fla. 1954, 71 So.2d 887, 895, the Supreme Court of Florida said: “When the witness gives testimony responsive to question which are relevant to such subject matter, the witness is free forever from being subjected to a penalty, forfeiture or prosecution for any offense substantially connected with the transaction, matter or thing concerning which he testified if any testimony so given in such inquiry constitutes a link in the chain of evidence needed to prosecute such witness thereafter charged for such offense revealed by testimony he was required to give, whether such testimony is used or not.”
Here the witness’s testimony was given before a Broward County grand jury upon an investigation of the crime of murder. Since that was not one of the crimes listed in the statute (§ 932.29), Grech could not, by testifying there, gain immunity under the statute. State v. Schroeder, Fla. 1959, 112 So.2d 257; Johns v. State, 157 Fla. 721, 27 So.2d 75.
Moreover, if the Broward grand jury investigation on which Grech testified had been of one of the crimes listed in the statute, the witness would not have gained immunity from prosecution for the offenses with which he was charged in Dade County unless they were within the “matters or things concerning which he testified or unless testimony given by him constituted a link in the chain of evidence needed to prosecute him for such other crime or crimes,” and the testimony which Grech gave before the Broward grand jury was not of that character. The fact that in testifying Grech admitted acquaintance with a number of persons including one who was charged with him in the pending prosecution in Dade County was not such a link with the latter prosecution as to have conferred immunity therefrom even if the Broward investigation had concerned one of the crimes listed in § 932.29, which it did not. State, ex rel. Reynolds v. Newell, Fla. 1958, 102 So.2d 613.
The appellee claims contractual immunity resulted, contending that the Broward County state attorney acquired his testi *99 mony in return for a grant of immunity not only with reference to the murders which were under investigation, but as to all other crimes, including those for which he then stood accused in Dade County, unrelated to the Broward County murders under investigation.
The state argues that even if the record could be construed to- contain a promise by the state attorney in Broward County (in a judicial district other than that which encompasses Dade County) to grant immunity to Grech from prosecution for the unrelated criminal charges then pending against him in the Dade County Criminal Court, such grant of immunity would be ineffective because approval thereof by the court in Broward County was not shown. The ap-pellee argues that such court approval is not necessary.[1]
We find no need to choose between the arguments of counsel as to the necessity for such court approval. This is so because the record of the proceedings before the Broward County grand jury does not support the appellee’s contention that the state attorney there intended to or did grant Grech immunity from prosecution in Dade County for the unrelated crimes with which he had been charged by information. As pointed out in more detail further in this opinion, a reading of the record of the proceedings before the grand jury reveals the immunity granted Grech by the Broward County state attorney was limited to the murders being investigated, and that Grech’s testimony was given on that basis.[2]
Therefore, we are impelled to disagree with the finding and conclusion of the Dade County criminal court in this case that it was announced or granted by the state attorney in the proceedings before Big Broward County grand jury,
As shown by the record of the proceedings, at the outset the state attorney limited his grant of immunity to the murders under investigation. Also, it is to be observed that toward the end of the proceedings, when the state attorney informed the members of the grand jury that they could question Grech, that official was careful to warn them to restrict their questions to the matter of the murders, and he expressly informed them of his intention that the immunity should not go further. The statements made by the state attorney twice during the proceedings to the effect that immunity was being granted “for everything except perjury” must be read in context, in the light of his express statement of the limited immunity which was granted. Those statements about “everything except perjury” were made in repartee. There was no ambiguity or uncertainty in the language of the state attorney when he outlined the immunity granted as being limited to the murders under investigation. That initial clear designation of the limited immunity occurred at the outset when Grech refused to testify, and it was on the basis thereof that Grech then proceeded to give testimony. We hold, therefore, *100 that the judge of the criminal court of record in Dade County committed error when he accepted the “immunity from everything except perjury,” out of context, as a ground for holding that Grech had been granted immunity from prosecution for the crimes for which he was charged in Dade County entirely unrelated to the murders which were under investigation in the Broward grand jury proceeding. When viewed in context, in light of the record of the proceedings, it is clear that the statement in question had reference to the immunity granted as to the murders under investigation, and therefore meant immunity from everything except perjury with reference to the murders.
For the reasons stated, the order appealed from is reversed and the cause is remanded to the criminal court of record of Dade County for further proceedings not inconsistent herewith.
Reversed and remanded.

. That question, as to the necessity for court approval, was raised but left undecided in State v. Davis, Fla.App.1966, 188 So.2d 24, 28, in the Second District Court of Appeal. In that case it was pointed out that in jurisdictions which require such court approval, it appears that prosecutors are not free to enter a nolle prosequi without court approval. It was then stated in the Davis case that since Florida has no statute requiring court approval of the entry of a “nol pros” by a prosecuting attorney, “it might well he argued that court approval is not a necessary ingredient.”

. A more fundamental question, which the order appealed from projects, hut on which we need not express an opinion because our decision is based on other grounds, is whether a state attorney in one judicial circuit of Florida, in return for a person giving testimony there (upon an investigation, proceeding or trial not involving any of the crimes listed in § 932.29 Fla.Stat., F.S.A.), can validly grant such person immunity from pending or future prosecution for unrelated crimes, the alleged commission and the venue for prosecution of which are in another judicial circuit.