PER CURIAM.
The Florida Board of Bar Examiners, by formal petition, has requested certain information for its guidance in determining the admissibility of applicants under investigation by The Florida Bar for the unauthorized practice of law. The Board has framed its questions as follows:
I.
Whether an applicant for admission to the Florida Bar Examination who is under investigation for unauthorized practice of law by the Florida Bar pursuant to article XVI of the integration rule of the Florida Bar is eligible for admission into the Florida Bar Examination during said investigation?
II.
Whether an applicant for admission to the Florida Bar Examination against whom a formal complaint for unauthorized practice of law has been filed by the Florida Bar with this court pursuant to article XVI of the integration rule of the Florida Bar is eligible for admission into the Florida Bar Examination prior to final disposition of said complaint?
III.
Whether the Florida Board of Bar Examiners should independently investigate matters relating to the unauthorized practice of law by applicants for admission to the Florida Bar Examination, or whether the Board should hold such applications for admission to the Florida Bar Examination in suspense pending completion of investigation by the Florida Bar or final disposition of such complaints by the Supreme Court of Florida?
We will consider each question in the order presented.
Pursuant to Article XVI of the Integration Rule of The Florida Bar, 32 F.S.A., the Bar is charged with the duty of investigating matters pertaining to the unauthorized practice of law. As part of this duty, the Board of Governors is required to establish at least one committee in each judicial circuit for the purpose of receiving complaints and conducting preliminary investigations of reported unauthorized practices. Section 3(a) of Article XVI supplies the procedure for investigation and prosecution of complaints of unauthorized practice:
“3. (a) It shall be the duty of each committee to investigate with dispatch, all reports of the unauthorized practice of law, and to make prompt written report of its investigation and findings to the Board of Governors. The Board of Governors shall receive and evaluate the committee reports and determine whether or not a complaint should be filed against any alleged offender. All such complaints shall be by written petition filed in this Court by The Florida Bar and in its name.”
Ultimately, this Court is vested with responsibility for adjudicating questions of *268 unauthorized practice. To this end, Section 4 of Article XVI provides for immediate review by this Court of Bar complaints where no questions of fact are raised which require trial. If fact questions are raised by the pleadings, Section 5 provides for appointment of a referee designated by the Court, who shall report findings of fact, conclusions of law and recommendations for final disposition in writing after trial. The Court shall then review the report and enter a finding of guilt or innocence and enter an appropriate order or judgment.
With this background in mind, we proceed to Question # 1 certified by the Board of Bar Examiners. Essentially, the Board asks us whether an applicant may be admitted to the Bar Examination while the circuit committee is making its preliminary investigation of a report of unauthorized practice. We answer this question in the affirmative, with the proviso that the grades of all such applicants shall be impounded during the pendency of the committee investigation. Should the investigation result in a formal complaint, then of course the impoundment of the applicant’s grades shall continue until this Court renders its decision in the case. We observe in this regard that a judgment of unauthorized practice of law will not automatically exclude an applicant from consideration for admission to the Florida Bar Examination. Such a judgment should be considered by the Board as bearing upon an applicant’s character and fitness to practice law in the same manner as any other doubtful circumstance in an applicant’s background. After entry of judgment of guilt, the Board may in the exercise of its sound discretion determine the applicant to be unfit and ultimately deny his admission to The Florida Bar, or it may determine that he is fit and lift the impoundment, thereby permitting his entry in the practice of law.
Question # 2 we answer in the negative. The filing of a formal complaint by The Florida Bar against an applicant elevates the seriousness of the situation to a level which in our view requires that a final decision regarding fitness to take the Bar Examination await the outcome of the proceedings. In so deciding we are mindful that The Bar does not file formal complaints frivolously and that any such filing indicates at least a determination by The Bar of probable cause to believe that the applicant is engaging in the unauthorized practice of law.
 Question # 3 is also answered in the negative. The Bar is fully equipped to investigate complaints of unauthorized practice and it is our belief that a duplication of effort by the Board and Bar would produce little in the way of meaningful results. The Board must of course be informed of the pendency of investigations of unauthorized practice where the party is also an applicant for admission to the Florida Bar Examination. We are aware that communication between the two agencies is somewhat Hampered by confidentiality rules; however, in view of the fact that the names of applicants to the Florida Bar Examination are published in the Florida Bar Journal, it should be the responsibility of The Florida Bar to determine whether any of such applicants are also under investigation by The Bar and, if so, to notify the Board. It is our understanding that this is being done. It is also our understanding that complete cooperation, to the extent possible within the framework of confidentiality rules, is currently being maintained between the Board and The Bar and we are confident that this trend will continue in the future. We do request, however, that The Bar notify the Board of the following items in each case involving an applicant for admission to the Florida Bar Examination: 1) the pendency of an investigation of an applicant; 2) whether or not formal charges have been filed against an applicant. If no formal charges are filed, The Bar should notify the Board that the case against the applicant has been dismissed.
*269 Once a formal complaint is filed by The Bar, the control of the case passes to this Court. In such event, it is requested that The Bar and Board inform us that the respondent is being considered for admission to The Florida Bar, and upon such notification, we assume responsibility for furnishing to the Board a copy of the findings and recommendations of the referee and the ultimate judgment of the Court.
In summation, we answer the three questions certified to us by the Florida Board of Bar Examiners as follows:
Question # 1 — yes
Question # 2 — no
Question # 3 — no.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.