353 So.2d 98 (1977)
In re FLORIDA BOARD OF BAR EXAMINERS.
In re QUESTION OF LAW CERTIFIED (CHAPTER 77-63, LAWS OF FLORIDA) ADMISSION OF EXAMS TO BLIND AND DEAF.
No. 52017.
Supreme Court of Florida.
December 8, 1977.
Parks M. Carmichael, Chairman, Gainesville, and C. Graham Carothers, Tallahassee, for Florida Bd. of Bar Examiners, petitioner.
Robert L. Shevin, Atty. Gen., and David J. Baron, Asst. Atty. Gen., for respondent.
PER CURIAM.
This cause is before us upon petition of the Florida Board of Bar Examiners for an advisory opinion concerning the validity of Chapter 77-63, Laws of Florida,[1] and its *99 applicability to the Board. At the urging of this Court the Attorney General has filed a response to the petition. We have jurisdiction under Article V, Section 15, Florida Constitution.[2]
Chapter 77-63, Laws of Florida, deals generally with the modification or adaptation of certain examinations administered by state agencies to persons who are classified as blind or deaf. This enactment seeks to encourage and assist blind or deaf persons to receive personal and vocational independence by eliminating certain barriers so as to make them competitive in qualifying for state career service jobs and admission to The Florida Bar. The Board notes that Chapter 77-63, Laws of Florida, specifically addresses itself to the administration of The Florida Bar examination and purports to regulate the manner in which *100 this examination is administered by the Board. Additionally, the act provides that a violation thereof shall constitute a criminal misdemeanor punishable by fine not to exceed $500. The Board now questions whether the Florida Legislature may properly enact this legislation without violating Article V, Section 15 of the Constitution of the State of Florida and, if it can, whether the act is valid as applied to the Florida Board of Bar Examiners. Because the Florida Constitution by its express terms vests exclusive jurisdiction in this Court to regulate the admission of persons to the practice of law, because the Florida Board of Bar Examiners is an attache of this Court, and because the act imposes criminal penalties upon the Board for failure to adhere to its provisions, we find the act invalid as to the Board of Bar Examiners in administering the Florida Bar Examination. Our Constitution prohibits legislative interference with this Court's exercise of its power to govern admissions to The Florida Bar. Article V, Section 15, Florida Constitution.
For more than six centuries prior to the adoption of our Constitution, the English courts exercised the right to determine who should be admitted to the practice of law. Matter of the Sergeants at Law, 6 Bingham's New Cases, 235. This authority was grounded upon the rationale that if the courts and the judicial power were to be regarded as an entity, the power to determine who should be admitted to practice law was a constituent element of that entity. This was so because the quality of justice dispensed by the courts depended in no small degree upon the integrity and competence of its bar. An unfaithful or incapable bar could visit reproach upon the administration of justice and upon the courts themselves.
The drafters of the Florida Constitution recognized this inherent right of the courts to regulate the admission of persons to the practice of law, imbuing the Supreme Court with exclusive jurisdiction to direct such admissions. Article V, Section 15, Florida Constitution. See The Florida Bar v. Massfeller, 170 So.2d 834 (Fla. 1964). In the exercise of its constitutional authority, this Court created the Florida Board of Bar Examiners to evaluate candidates for admission to The Florida Bar. As an arm of this Court, the Board is answerable solely to this tribunal. Any legislative enactment which constitutes an usurpation of this Court's constitutionally endowed power, by seeking to govern the Board's activities must be invalid.
In the case sub judice, Chapter 77-63, Laws of Florida, clearly seeks to regulate the manner in which the Florida Bar Examination is administered by the Board. It requires the Board to adopt specific examination modifications and adaptations designed to make handicapped individuals more competitive with other candidates. The enactment authorizes the Division of Personnel of the Department of Administration and the Department of Education to jointly formulate rules pursuant to these examination modifications. Finally, it imposes criminal penalties upon the Board if the Board violates the provisions of the act. The Board logically inquires how it may properly be answerable to the direction of this Court and at the same time the dictates of the legislature embodied in Chapter 77-63. It is the age-old dilemma of attempting to serve two masters.
Respondent has conceded that the enactment appears to conflict with Article V, Section 15, Florida Constitution, if applied to the Florida Board of Bar Examiners. With respect to the enactment's effect upon the Board, however, respondent urges this Court to construe the act as an advisory expression of the appropriate public policy, as determined by the legislature. Respondent asserts that such construction is preferred because it must be assumed that the legislature intended for the law to be constitutional. Consequently, concludes respondent, the word "shall" as found in the act, when applied to the Board actually means "may." However, when the act applies to any other State agency, the word "shall" actually means "shall." We reject such sophistry as constituting an inaccurate interpretation of legislative intent.
*101 Respondent suggests that the statute in question was meant to serve a commendable purpose, i.e., to provide a sound approach to compliance with the provisions of Article I, Section 2, Florida Constitution, providing that "[n]o person shall be deprived of any right because of race, religion or physical handicap." We agree with respondent's proposition and note that the Board concurs with the legislative policy embodied in Chapter 77-63, Laws of Florida. We take note of the fact that the Board has for some time given special consideration to the physically handicapped in administering the bar examination. Furthermore, the Board has recently memorialized its sensitivity to the physically handicapped by adopting formal policies and guidelines relating to the administration of the Florida Bar Examination to persons having such handicaps. These policies and guidelines are compatible with the provisions of Chapter 77-63.
Our decision today constitutes no more than a determination of the intent of the framers of our Constitution with respect to the seat in which the power herein enunciated should reside. No greater responsibility rests with this Court than maintaining in form and substance the government established by the people through our organic document.
Accordingly, we hold that Chapter 77-63, Laws of Florida, is invalid as applied to the Florida Board of Bar Examiners. Nothing in this opinion addresses the applicability or validity of Chapter 77-63 with respect to any other agency mentioned therein.
It is so ordered.
OVERTON, C.J., BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., and DREW (Retired), J., concur.
NOTES
[1] Ch. 77-63, Laws of Florida, reads:

"CHAPTER 77-63
"Committee Substitute for Senate Bill No. 249
"AN ACT relating to state government; providing for modification or adaptation of certain examinations administered by state agencies so that blind or deaf persons can more equitably compete with sighted or hearing persons taking any such examination; providing criteria for certain modifications and adaptations; providing for rules; providing penalties; providing an effective date.
"Be It Enacted by the Legislature of the State of Florida:
"Section 1. Examinations administered by state agencies; modifications with respect to blind or deaf persons; duties of state agencies; penalties. 
(1) The purpose of this section is to further the policy of the state to encourage and assist blind or deaf individuals to achieve maximum personal and vocational independence through useful and productive gainful employment by eliminating unwarranted barriers to their competitively qualifying for state career service jobs and to their admission to The Florida Bar.
(2) As used in this section:
(a) `Blind person' means an individual having central visual acuity 20/200 or less in the better eye with correcting glasses or a disqualifying field defect in which the peripheral field has contracted to such an extent that the widest diameter or visual field subtends an angular distance no greater than 20 degrees.
(b) `Deaf person' means an individual having an 82 decible loss of hearing and manual communication is necessary to communicate.
(c) `Agency' includes each department and agency of the state, the Florida Board of Bar Examiners, and each subdivision or agency thereof.
(3)(a) The Florida Board of Bar Examiners with respect to The Florida Bar examination, and the Division of Personnel of the Department of Administration, with respect to all competitive examinations administered by it or any other agency to applicants for employment within the State Career Service System, shall adapt such examinations so that blind or deaf persons taking any such examinations can more equitably compete with sighted or hearing persons taking the examinations. The modifications or adaptations required by this subsection shall include, but not be limited to, the following:
1. The provision of at least 50 percent more time to complete the examination for the blind or deaf person taking the examination to allow for the slowness of readers or interpreters.
2. Competent reader service provided by the agency or by the appropriate blind services agency of the Department of Education or certified interpreter service provided by the agency or by the appropriate office of Vocational Rehabilitation of the Department of Health and Rehabilitative Services at no expense to the blind person taking the examination.
3. The exclusion from the examination of graphs, charts, tables, and questions which might, per se, be unfamiliar to a blind person or would be difficult for a blind person to interpret because of his blindness as, for example, estimating distances visually.
(b) Each agency shall allow a blind or deaf person taking such an examination to use any necessary special equipment, aids, or appliances including, but not limited to, the following:
1. Note-taking equipment as, for example, slate and stylus or Braillewriter.
2. Computational aids as, for example, the cramer abacus, as a substitute for hand calculations for sighted competitors.
3. Low-vision aid devices.
(c) Blind or deaf examinees shall be given sufficient privacy to insure good testing conditions and prevent disruption of others' testing environment.
(d) If there are two or more blind or deaf examinees, they shall be seated either in separate rooms or far enough apart so that they do not interfere with or help one another.
(4) The examination modifications and adaptations required under the provision of this section shall be accomplished in consultation with the appropriate blind services agency of the Department of Education or the Office of Vocational Rehabilitation of the Department of Health and Rehabilitative Services and may be accomplished in consultation with the United States Civil Service Commission for utilization of current research findings. Rules promulgated pursuant to this section shall be jointly formulated by the Division of Personnel of the Department of Administration and the Department of Education.
(5) No agency, as herein defined, shall be allowed to evade the intent and meaning of this act. Any agent or employee of such agency who intentionally violates the provisions of this act is guilty of a misdemeanor of the second degree, punishable by a fine not to exceed $500.
"Section 2. This act shall take effect January 1, 1978.
"Approved by the Governor May 26, 1977.
"Filed in Office Secretary of State May 26, 1977."
[2] Art. V, § 15, Fla. Const., reads:

"Attorneys; admission and discipline.  The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted."