398 So.2d 446 (1981)
THE FLORIDA BAR.
In Re ADVISORY OPINION CONCERNING the APPLICABILITY OF CHAPTER 119, FLORIDA STATUTES.
No. 57866.
Supreme Court of Florida.
April 30, 1981.
Leonard H. Gilbert, President of The Florida Bar, Tampa, James P. Hollaway, Deputy Staff Counsel, and H. Glenn Boggs, Asst. Staff Counsel-UPL, Tallahassee, Ronald R. Richmond, Chairman, Standing Committee on UPL, New Port Richey, and C. Harris Dittmar, Board Liaison Member, Standing Committee on UPL, Jacksonville, for petitioner.
Jim Smith, Atty. Gen., and Frank A. Vickory, Asst. Atty. Gen., Tallahassee, for respondent.
*447 PER CURIAM.
This cause is before us upon petition of the Board of Governors of The Florida Bar for an advisory opinion concerning the applicability of chapter 119, Florida Statutes (1979) (Public Records Law), to the committee of The Florida Bar on unauthorized practice of law. Particularly, we are asked to determine whether unauthorized practice of law investigative files are "public records" subject to inspection by members of the press under the authority of chapter 119, Florida Statutes. Jurisdiction is predicated on the Court's inherent and exclusive constitutional authority over its agencies who act in its behalf. In Re Florida Board of Bar Examiners, 278 So.2d 266 (Fla. 1973); In Re The Florida Bar, 215 So.2d 613 (Fla. 1968). In Re Florida Board of Bar Examiners, 353 So.2d 98 (Fla. 1977), was an advisory opinion concerning a statute requiring state agencies to adapt their entrance or qualifying examinations to accommodate individuals who are blind or deaf. Even though we recognized the benefits of such a policy, we held it invalid as applied to the Florida Board of Bar Examiners, stating:
Because the Florida Constitution by its express terms vests exclusive jurisdiction in this Court to regulate the admission of persons to the practice of law, because the Florida Board of Bar Examiners is an attache of this Court, and because the act imposes criminal penalties upon the Board for failure to adhere to its provisions, we find the act invalid as to the Board of Bar Examiners in administering the Florida Bar Examination. Our Constitution prohibits legislative interference with this Court's exercise of its power to govern admissions to The Florida Bar. Article V, Section 15, Florida Constitution.
353 So.2d at 100 (emphasis added.)
.....
The drafters of the Florida Constitution recognized this inherent right of the courts to regulate the admission of persons to the practice of law, imbuing the Supreme Court with exclusive jurisdiction to direct such admissions. Article V, Section 15, Florida Constitution. See The Florida Bar v. Massfeller, 170 So.2d 834 (Fla. 1964). In the exercise of its constitutional authority, this Court created the Florida Board of Bar Examiners to evaluate candidates for admission to The Florida Bar. As an arm of this Court, the Board is answerable solely to this tribunal. Any legislative enactment which constitutes an usurpation of this Court's constitutionally endowed power, by seeking to govern the Board's activities must be invalid.
Id. (Emphasis added.)
The definition of "public records" in section 119.011(1), Florida Statutes (1979), and the definition of the term "agency" as contained in section 119.011(2) are far reaching, and broad enough to include the records of judicial branch entities. It is fundamental that all the legislative power of the state which is not withheld or vested elsewhere by the constitution resides in the legislature. Where a limitation does exist, however, the legislature may not exceed such limitation. If judicial entities are included within the scope of chapter 119, the legislature has sought to exercise legislative power concerning a matter that is explicitly withheld and vested elsewhere in the constitution, i.e., article V.
Article II, section 3, Florida Constitution, provides no person belonging to one branch of government shall exercise any power appertaining to either of the other branches unless explicitly provided in the constitution. Neither the legislature nor the governor can control what is purely a judicial function.
In Re The Florida Bar, 316 So.2d 45 (Fla. 1975), was an advisory opinion concerning the applicability of chapter 74-177, Laws of Florida, commonly known as the Financial Disclosure Law, to members of The Florida Bar acting in their historical professional capacity as "officers of the Court." We held that the Financial Disclosure Law was inapplicable as a code of conduct to officers of the judicial branch explaining this Court had the inherent right to supervise the bar as an incident to this Court's power to control, *448 admit to practice, and discipline attorneys. This right is given to this Court by virtue of Article V, section 15, Florida Constitution.
The unauthorized practice of law investigative files of The Florida Bar, as an official arm of this Court, are subject to the control and direction of this Court and not to either of the other branches of the government.
As a practical matter, the public interest is best served by shielding The Florida Bar unauthorized practice of law investigative files from disclosure under chapter 119, Florida Statutes, for to do otherwise might allow adverse and harmful publicity to focus on persons innocent of any wrongdoing but who, nevertheless, are subject to an unfounded complaint. When probable cause appears that someone is engaged in the unauthorized practice of law, the bar initiates litigation. From that point all records, of course, are open for a public inspection.
We hold that chapter 119, Florida Statutes, does not apply to The Florida Bar's Unauthorized Practice of Law investigation files.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.