The Honorable James Russo Public Defender Eighteenth Judicial Circuit 600 South Hopkins Titusville, Florida 32796
Dear Mr. Russo:
This is in response to your request for an opinion on substantially the following question:
 IS A CIRCUIT CONFLICT COMMITTEE, ESTABLISHED BY THE GENERAL APPROPRIATIONS ACT TO APPROVE ATTORNEYS HANDLING CONFLICT CASES, SUBJECT TO s 286.011, F.S.?
Section 27.53(3), F.S., provides that if at any time during the representation of two or more indigents the public defender determines that the interests of the accused are so adverse or hostile that they cannot all (or none can) be counseled by the public defender or his staff without a conflict of interest, it shall be his duty to move the court to appoint other counsel. The court may appoint one or more members of the Florida Bar who are in no way affiliated with the public defender in his capacity as such, or in his private practice to represent those accused, or the court may appoint a public defender from another circuit. See also, s 925.035(1), F.S., regarding the appointment of an attorney in a capital case. And see, s 925.036 regarding compensation for appointed attorneys.
Item 961A of Ch. 83-300, Laws of Florida, the General Appropriations Act, in appropriating two million dollars from the General Revenue Fund for conflict cases, in pertinent part provides:
 The allocation of funds for conflict cases shall be used solely for compensation of court appointed attorneys who are members of the Florida Bar and who have been approved by the circuit's conflict committee to handle such cases. . . . In each judicial circuit, a circuit conflict committee shall be established consisting of the following members: (a) the chief judge of the judicial circuit or his designated representative; (b) one representative of each board of county commissioners located within the judicial circuit, such representative to be designated by resolution of each board; and (c) the public defender of the judicial circuit. . . . Each circuit conflict committee shall allocate the funds for conflict cases among the respective counties within each circuit. Each circuit conflict committee shall request the clerk of the circuit court to provide all expenditure data to each public defender. . . . (e.s.)
For purposes of this opinion, the proviso contained in Item 961A of the 1983 Appropriations Act must and will be considered to be valid and constitutional. Indeed any legislative enactment is entitled to a presumption of validity unless ruled invalid by a court of competent jurisdiction and therefore pending any such judicial determination, I must accord the proviso the same presumption of validity to which any legislative enactment is entitled. See, State ex rel. Shevin v. Metz Construction Co. Inc.,285 So.2d 598 (Fla. 1973); Village of North Palm Beach v. Mason,167 So.2d 721 (Fla. 1964); and State v. Strickland, 166 So. 313
(Fla. 1936).
Section 286.011, F.S., the Government in the Sunshine Law, provides:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
In determining what entities are covered by the terms of s286.011, the courts of this state and this office have stated that the Legislature intended to extend application of the Sunshine Law so as to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control." See, Times Publishing Co. v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969); City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971). And see, e.g., AGO's 76-194 and 76-230. In the instant inquiry, the circuit conflict committees are created by the Legislature pursuant to legislative act which sets forth the composition, purpose, duties and functions of such committees. There would appear to be little doubt that such committees, established by and subject to the control of the Legislature, are covered by the terms of s 286.011. While a substantial question exists as to whether the Legislature could subject the judiciary or a judicially created committee to the requirements of the Sunshine Law because of the separation of powers doctrine and because the Supreme Court is constitutionally vested with the power to adopt rules for the practice and procedure in all courts see, Art. V, s 2(a), State Const.; cf., The Florida Bar, In re Advisory Opinion Concerning The Applicability Of Ch. 119, F.S.,398 So.2d 446 (Fla. 1981) (investigative files of state board as official arm of Supreme Court subject to control and direction of court and not to other branches of government; thus, Ch. 119 innapplicable to such records); Petition of Kilgore, 65 So.2d 30
(Fla. 1953); such is not the case in the instant inquiry. The circuit conflict committees are created by the Legislature, subject to its dominion and control. Cf., Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973), stating:
 Once the Legislature transforms a portion of a board's responsibilities and duties into that of a judicial character so that the board may exercise quasi-judicial functions, the prerogatives of the Legislature in the matter do not cease. . . . If the Legislature may delegate these quasi-judicial powers to the School Board and regulate the procedure to be followed in hearings before the board, it follows as a matter of common logic that the Legislature may further require all meetings of the board at which official acts are to be taken to be public meetings open to the public. A board exercising quasi-judicial functions is not a part of the judicial branch of government.
Accordingly, I am of the opinion that the circuit conflict committees established by the 1983 General Appropriations Act (Item 961A, Ch. 83-300, Laws of Florida) to approve attorneys handling conflict cases, are subject to the Government in the Sunshine Law, s 286.011, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General