# Supreme Court of Florida

_____

No. SC13-552
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE—RULE 3.113.**

[May 15, 2014]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Criminal Procedure.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

At the Court's request, the Supreme Court's Criminal Court Steering Committee (Steering Committee) filed its petition in this case, proposing adoption of a new rule of criminal procedure, rule 3.113 (Minimum Standards for Attorneys in Felony Cases).  The Steering Committee unanimously proposes the rule amendment.  Following publication of the proposed new rule by the Court, comments were filed by the Criminal Procedure Rules Committee and the Florida Public Defender Association.  As discussed below, having considered the Steering

Committee's petition and the comments filed, we adopt Florida Rule of Criminal Procedure 3.113, as proposed by the Steering Committee.

Rule 3.113 is intended to implement the Florida Innocence Commission's recommendation that the criminal rules be amended to require that any attorney who is practicing law in a felony case complete at least a two-hour course regarding the law of discovery and Brady[1] responsibilities. The new rule provides as follows:

> Before an attorney may participate as counsel of record in the circuit court for any adult felony case, including postconviction proceedings before the trial court, the attorney must complete a course . . . of at least 100 minutes and covering the legal and ethical obligations of discovery in a criminal case, including the requirements of rule 3.220, and the principles established in Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

Trial judges, based upon their inherent authority to uphold the rules of procedure, are authorized to give effect to the rule by not appointing counsel, or removing counsel, in the event that counsel is not in compliance with the rule. Additionally, to ensure that qualified counsel will be available at the time this rule goes into effect, we provide that the rule will take effect two years from the date of this opinion.

---

1. Brady v. Maryland, 373 U.S. 83 (1963).

Accordingly, Florida Rule of Criminal Procedure 3.113 is hereby adopted as reflected in the appendix to this opinion. The amendment shall become effective May 16, 2016, at 12:01 a.m.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Criminal Procedure

Hon. Kevin Emas, Chair, Criminal Court Steering Committee, Miami, Florida

for Petitioner

Melanie L. Casper, Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida; John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida; and Paul E. Petillo, The Florida Public Defender Association, West Palm Beach, Florida,

Responding with comments

**APPENDIX**

## RULE 3.113.  MINIMUM STANDARDS FOR ATTORNEYS IN FELONY CASES

Before an attorney may participate as counsel of record in the circuit court for any adult felony case, including postconviction proceedings before the trial court, the attorney must complete a course, approved by The Florida Bar for continuing legal education credits, of at least 100 minutes and covering the legal and ethical obligations of discovery in a criminal case, including the requirements of rule 3.220, and the principles established in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972).

### Criminal Court Steering Committee Commentary

**2014 Adoption.** The Supreme Court has exclusive jurisdiction under Article V, section 15 of the Florida Constitution to "regulate the admission of persons to the practice of law and the discipline of persons admitted." Implied in this grant of authority is the power to set minimum requirements for the admission to practice law, *see In re Florida Board of Bar Examiners*, 353 So. 2d 98 (Fla. 1977), as well as minimum requirements for certain kinds of specialized legal work. The Supreme Court has adopted minimum educational and experience requirements for attorneys in capital cases, *see, e.g.*, rule 3.112, and for board certification in other specialized fields of law.

The concept of a two-hour continuing legal education (CLE) requirement was proposed in the 2012 Final Report of the Florida Innocence Commission.

The CLE requirement is not intended to establish any independent legal rights. Any claim of ineffective assistance of counsel will be controlled by *Strickland v. Washington,* 466 U.S. 668 (1984).

It is intended that The Florida Prosecuting Attorneys Association and The Florida Public Defender Association will develop a seminar that will be approved for CLE credit by The Florida Bar. It is also intended that attorneys will be able to electronically access that seminar, at no cost, via The Florida Bar's website, the Florida Prosecuting Attorneys Association's website, and/or the Florida Public Defender Association's website.

The rule is not intended to apply to counsel of record in direct or collateral adult felony appeals.